Michael Campillo (019014)
VENJURIS, P.C.
1938 East Osborn Rd.
Phoenix, Arizona 85016
Tel: 602-631-9100
Fax: 602-631-4529
Email: mcampillo@venjuris.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| James Richard Hathaway, an individual;<br><br>Plaintiff,<br><br>v.<br><br>Philip Caputo, an individual;<br><br>Penguin Random House, a Delaware Corporation; and<br><br>Amazon.com, Inc., a Delaware corporation<br><br>Audible, Inc. a Delaware corporation<br><br>Defendants | Case No.:<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>JURY TRIAL REQUESTED |

Plaintiff James Richard Hathaway by its attorneys Venjuris, P.C., for its Complaint against the Defendants Philip Caputo, Penguin Random House, Amazon.com and Audible.com alleges as follows:

## THE PARTIES

1. Plaintiff, James Richard Hathaway ("Hathaway") is an individual with a primary residence located at 21873 S. Cave Bay Rd., Worley, Idaho 83876.

2. On information and belief, Philip Caputo ("Caputo") is an individual with a primary address located at 309 Duquesne Rd., Patagonia, Arizona 85624.

3. On information and belief, Penguin Random House ("Penguin") is a Delaware Corporation with its principal address located at 1745 Broadway, New York, NY 10019.

4. On information and belief, Amazon.com ("Amazon") is a Delaware corporation with its principle place of business in Seattle, Washington.

5. On information and belief, Audible Inc. ("Audible") is a Delaware corporation with its principle place of business in Newark, New Jersey.

## JURISDICTION

6. This Court has subject matter jurisdiction over Hathaway's claims for copyright infringement and related claims under 17 U.S.C. §§ 101 et seq., and 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Caputo because Caputo has a residence within the State of Arizona and because he committed acts within this State while creating an infringing work in violation of Hathaway's rights under 17 U.S.C. § 101, et seq.

8. This Court has personal jurisdiction over Penguin based on its support and promotion of Caputo of the acts directed at this State to promote the infringing work.

9. This Court has jurisdiction over Amazon.com based on its presence in the State and distribution of the infringing work within the State.

10. This Court has jurisdiction over Audible.com based on its presence in the State and distribution of the infringing work within the State.

## VENUE

11. Venue in the United States District Court for the District of Arizona is proper under 28 U.S.C. § 1391(b) and (c).

## BACKGROUND

12. Hathaway is an individual who resides in Idaho.

13. Hathaway is the sole owner and copyright claimant of an unpublished manuscript titled "Don Jimito".

14. Don Jimito is an oral history of the life and times of Hathaway's grandfather, Jim Hathaway, and was written by Hathaway's father, James Howard Hathaway.

15. Hathaway's father registered the copyright for Don Jimito on May 16, 2000.

16. The registration for Don Jimito is TXu000954793.

17. Hathaway became the copyright claimant of the unpublished manuscript "Don Jimito" upon his father's death on January 30, 2001 and was registered as TXu001020064.

18. Several copies of the "Don Jimito" unpublished manuscript were distributed to members of the family for review and revision purposes only. Excerpts of the manuscript were used with permission to publish a column in The Sonoita Weekly Bulletin. That permission was rightfully rescinded January 2, 2001.

19. The ownership and rights to the manuscript was transferred to Hathaway by operation of law through a will after Hathaway's mother passed away in 2006. Hathaway then became the sole owner of all the manuscript rights by way of assignment by his sister, Bonnie Reinke.

20. Hathaway owns the following registered copyrighted work with the Copyright Office as the copyright claimant:

        a. Don Jimito – Reg. No. TXu001020064;

        b. Don Jimito – Reg. No. TXu000954793;

21. Hathaway's registrations have the statutory presumptions of validity, ownership, and exclusive rights provided under 17 U.S.C. § 106.

22. Hathaway has the right to prosecute actions and receive relief for past and future infringement of his registered copyrighted works as the copyright claimant.

23. Patagonia Arizona is in Santa Cruz County, within twenty miles of the Arizona-Mexico border.

24. On information and belief, Caputo has never been, nor is currently in contact with Hathaway.

25. On information and belief, Philip Caputo is an author who has a residence located in Patagonia, Arizona.

26. On information and belief, Caputo first came to Patagonia in 1996, whereupon he became interested in writing about "border lore."

27. On information and belief, Caputo admits in a public setting that he wanted to make a story about the Arizona/Mexican border but had no plot or characters until he acquired the unpublished "Don Jimito" manuscript.

28. On information and belief, Caputo copied or derived characters, elements, and stories from Don Jimito for the book, *Crossers: A Novel* (Alfred A. Knopf. 2009) ("*Crossers*") without permission from the owner and copyright claimant, Hathaway.

29. On information and belief, the character of Ben Erskine in *Crossers* is based on Jim Hathaway.

30. On information and belief, *Crossers* copies no fewer than seventeen original stories from Don Jimito, each story being further comprised of original protectable elements.

31. In August of 2019, Hathaway was informed about *Crossers* from his daughter.

32. Shortly thereafter, Hathaway and his wife compared *Crossers* to Don Jimito and discovered the infringement.

33. On information and belief, *Crossers* is so overwhelmingly and extensively similar to Don Jimito that the possibility of independent creation by Caputo is precluded.

34. On information and belief, Caputo's copying from Don Jimito was willful.

35. On information and belief, Alfred A. Knopf is owned by Penguin Random House Publishing.

36. On information and belief, Penguin and Knopf have advertised or promoted *Crossers* on internet storefronts and Amazon.com website.

37. On information and belief, *Crossers* was published in 2009, by Archives Book, which is a subsidiary of Penguin Random House Publishing.

38. On information and belief, Defendants each have a financial interest in and the ability to control the production, reproduction, display, and performance of *Crossers*.

39. On information and belief, Defendants transact, or have transacted, business in this District and within the jurisdiction of this Court in connection with *Crossers*.

40. On information and belief, Penguin currently advertises several published literature products through storefront websites on Amazon.com and through its own separate websites.

41. On information and belief, Penguin has advertised and continues to advertise *Crossers* on the Internet to inform residents of this State that it will take orders from residents of this State; ship products to this State; and will sell and ship merchandise, including Caputo's published products, to persons residing in this State.

42. On information and belief, Penguin also promoted, arranged, or contracted for an author tour for Caputo in Phoenix and Tucson and for *Crossers*.

43. The exercise of personal jurisdiction by this Court over Penguin and Caputo comports with the Due Process Clause of the Fifth Amendment.

44. On information and belief, Amazon.com advertises for sale, sells, and distributes both hard copies and electronic copies of *Crossers* on www.amazon.com.

45. On information and belief, Amazon.com promotes and sells an audio sample from a reading of *Crossers*, which audio sample includes portions of *Crossers* that infringes Hathaway's rights.

46. On information and belief, Audible.com advertises for sale, sells and distributes audible copies of *Crossers* on www.audible.com.

47. On information and belief, Audible.com promotes and sells an audio sample from a reading of *Crossers*, which audio sample includes portions of *Crossers* that infringes Hathaway's rights.

48. Hathaway has never authorized Defendants, by license or otherwise, to copy, produce, reproduce, sublicense, or make derivative works of Don Jimito.

## COUNT I - COPYRIGHT INFRINGEMENT

(Direct, Vicarious - All Defendants)

(Willful – Caputo)

49. Hathaway incorporates and re-alleges the preceding paragraphs of this Complaint, as though fully alleged herein.

50. On information and belief, Defendants have produced, reproduced, prepared derivative works, sublicensed, distributed, and played audio portions of Don Jimito, or derivative works of Don Jimito, all without Hathaway's consent.

51. On information and belief, Caputo produced, reproduced, prepared derivative works, sublicensed, distributed, and played audio portions of Don Jimito, or derivative works of Don Jimito, willfully.

52. On information and belief, numerous literal and non-literal elements including characters, stories, and themes within *Crossers* are recognizable as having been taken from Don Jimito by Defendants.

53. By the aforementioned acts complained of, Defendants have literally and non-literally infringed, and will continue to infringe, materials protected by Hathaway's registered copyrights in violation of Hathaway's rights under 17 U.S.C. § 106 and 501(a).

54. On information and belief, each Defendant and all of them are vicariously liable for the infringements alleged of herein because they were each or all in privity, or had the right and ability to supervise the infringing conduct, and each and all had a direct financial interest in the infringing conduct complained of herein.

55. On information and belief, Defendants' aforementioned acts of copyright infringement has caused and is causing Hathaway irreparable harm for which he has no adequate remedy at law. Unless this Court permanently and preliminarily enjoins Defendants from infringing Hathaway's rights, the harm will continue to occur in the future.

56. Hathaway is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendants infringement of Hathaway's rights in an amount to be established at trial.

**PRAYER FOR RELIEF**

Hathaway respectfully requests that this Court enter judgment in his favor and against each Defendant as follows:

1. That Defendant's production, reproduction, preparation of derivative works, distribution, display and audio readings complained of herein infringe Hathaway's copyrights;

2. For an order enjoining each Defendant, and each Defendant's officers, agents, employees, and those acting with each Defendant, from continued infringement of Hathaway's copyrights;

3. That Defendants provide an accounting of all profits derived from the aforementioned acts;

4. That Defendants be ordered to pay Hathaway monetary damages, including Defendants' profits, pre-judgment and post-judgment interest, whether statutory and otherwise, to the extent Hathaway's injuries are compensable in such manner;

5. That Defendants be ordered to pay Hathaway punitive damages as a result of Defendants' deliberate and willful misconduct;

6. That Defendants be ordered to pay the costs and disbursements of this action, including attorneys' fees; and

7. For such other and further relief as the Court deems just and proper.

Dated this 28th day of January 2020.

Venjuris, P.C.

By /s/ Michael F. Campillo
Michael Campillo (AZ Bar 019014)
1938 East Osborn Road
Phoenix, Arizona 85016
Tel: 602-631-9100
Fax: 602-631-4529
E-Mail: mcampillo@venjuris.com
Attorneys for Plaintiff